

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 31, 1965

Honorable John H. Winters
Commissioner of Public Welfare
John H. Reagan Building
Austin, Texas 78701

Opinion No. C-495

Re: Authority of the State
Department of Public
Welfare to continue to
operate under the Merit
System Plan for employees
of the State Department
of Public Welfare.

Dear Mr. Winters:

You have requested our opinion on the following question:

"Is the State Department of Public Welfare
authorized to continue to operate under the Merit
System Plan in accordance with its agreement with
the Federal Government?"

You state in your request that the Comptroller of Public
Accounts is taking the view that the 59th Legislature failed to
provide for merit salary increases by deleting the words "merit
salary increases" from the provisions of the General Appropriation
Act authorizing salary adjustments in accordance with agreements
with the Federal Government.

House Bill 86, Acts of the 58th Legislature (General
Appropriation Act for the biennium ending August 31, 1965) provides
in a rider to the appropriation for the State Department of Public
Welfare appearing at page III-186 of the bill:

"Salary adjustments and merit system in-
creases shall be governed by agreements with
the Federal Government provided, however, that
such agreements do not exceed the provisions
in this Act governing the operation of the
State Employees Classification Plan."

The above quoted rider appears in the appropriation to
the State Department of Public Welfare for the biennium ending
August 31, 1967, at page III-161 of the General Appropriation Act
of the 59th Legislature, House Bill 12, Acts of the 59th Legis-
lature, Regular Session, 1965, reading as follows:

"Salary adjustments within designated salary ranges for classified employees of the Department of Public Welfare shall be governed by agreements with the Federal Government pursuant to federal standards for a merit system of personnel administration, notwithstanding any other provisions of this Act respecting such salary adjustments. Provided, however, that authorized positions in both the State Classification Plan and in line-items may be filled by two half-time employees each or by part-time employees on a proportional basis should the State Commissioner of Public Welfare find that the necessity therefor exists. Appropriations for personal services and for other expenses may be used for the training of personnel whenever the Board of Public Welfare deems such training expense essential to the public service." (Emphasis added)

The use of the Merit System by the State Department of Public Welfare was first authorized in 1941 when the Legislature enacted Article 695c, Vernon's Civil Statutes, and has continued to date. Attorney General's Opinion C-172 (1963). The Position Classification Act of 1961 (Article 6252-11, Vernon's Civil Statutes) provides that all Merit Systems authorized for certain State agencies which operate under employee Merit Systems as a condition for qualifying for federal grants-in-aid "as have been made or may hereinafter be agreed to by the respective State agencies and agencies of the U. S. Government shall be in full force and effect, subject only to the applicable laws of this State." In construing the provisions of Articles 695c and 6252-11, Vernon's Civil Statutes, together with the above referred to rider contained in the General Appropriation Act for the biennium ending August 31, 1965, it was held in Attorney General's Opinion No. C-172 (1963):

"A consideration of all of the foregoing factors leads us to the conclusion that the Legislature was well aware that the Department's operation is substantially affected by agreements with the Federal Government, and that it recognized the condition of a Merit System in order to qualify for such grants-in-aid.

"Further, in viewing the Classification System broadly as a plan to place all State employees of a same class on an equal basis as far as possible, we are unable to perceive how the continuation of the agreements with the Federal Government will violate this principle with the fact in mind that the Department is already at a comparative disadvantage salary-wise.

"Therefore, in consideration of all of these factors, it is our opinion that the Department's agreement as set forth in the question presented is authorized and that a continuation of the Merit System is authorized."

It is our opinion in view of the foregoing that the provisions of the Appropriation Act of the 59th Legislature for the biennium ending August 31, 1967, providing that salary adjustments for classified employees of the Department of Public Welfare shall be governed by agreements with the Federal Government pursuant to federal standards for a Merit System of personnel administration, authorizes a continuation of the Merit System in accordance with the Department's agreement with the Federal Government. Furthermore, the pre-existing law, Article 695c, Vernon's Civil Statutes, and the Position Classification Act of 1961 (Article 6252-11, Vernon's Civil Statutes) supports such rider.

Senate Bill 563, Acts of the 59th Legislature, Regular Session, 1965, Chapter 345, page 739, is an act permitting certain Departments and Agencies to grant merit salary increases as provided therein. Sections 1 and 5 of Senate Bill 563 provide:

"Section 1. It is expressly provided that Departments and Agencies having appropriations for classified salaries and wages, may in addition to the salary adjustments described in Article V of House Bill No. 12, 59th Legislature, grant merit salary increases in recognition of 'meritorious service' as provided herein.

"Sec. 5. This Act shall become effective on September 1, 1965, and shall cease to have any force and effect after August 31, 1967."

It is noted that the salary adjustments authorized by Senate Bill 563 are "in addition to the salary adjustments described in Article V of House Bill No. 12, 59th Legislature" (General Appropriation Act for the biennium ending August 31, 1967) and in no manner affects the Merit System of the State Department of Public Welfare. On the contrary, it is merely an authorization for merit salary increases in addition to those authorized by the General Appropriation Act and merit system agreement of the Department. You are therefore advised that the State Department of Public Welfare may continue to operate under the Merit System Plan in accordance with its agreement with the Federal Government.

The foregoing is also applicable to the Texas Employment Commission, the State Health Department and any other State Agency,

Department or Board that operates under the Merit System Plan agreement with the Federal Government.

### SUMMARY

The State Department of Public Welfare may continue to operate under the Merit System Plan in accordance with its agreement with the Federal Government. Article 695c and Article 6252-11, Vernon's Civil Statutes. House Bill 12, Acts of the 59th Legislature, Regular Session, 1965. Attorney General's Opinion C-172 (1963).

The foregoing is also applicable to the Texas Employment Commission, the State Health Department and any other State Agency, Department or Board that operates under the Merit System Plan agreement with the Federal Government.

Yours very truly,

WAGGONER CARR
Attorney General

By: *John Reeves*
John Reeves
Assistant

JR:mcn

APPROVED:

OPINION COMMITTEE

W. O. Shultz, Chairman
Ralph Rash
Ivan Williams
Roger Tyler
J. C. Davis

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright